**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-0812-VAP (RZx)                     Date: January 27, 2011

Title:        WARREN PENDER -*v*- TIME WARNER CABLE, INC., et al.
===============================================================
PRESENT:          HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                              None Present
        Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

        None                               None

PROCEEDINGS:          MINUTE ORDER DISMISSING DEFENDANTS TIME
                      WARNER NY CABLE, INC., TIME WARNER
                      ENTERTAINMENT COMPANY, LP, TIME WARNER
                      ENTERTAINMENT-ADVANCE NEW HOUSE
                      PARTNERSHIP, AND ANTOINETTE KELLY; AND ORDER
                      TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE
                      DISMISSED AS TO DEFENDANT GIPSON (IN CHAMBERS)

     Plaintiff  Warren Pender ("Plaintiff") filed this action in the Superior Court for
the County of Riverside on February 9, 2009.  (Not. of Removal at 1.)  Plaintiff

EDCV 09-0812 VAP(RZx)
WARREN PENDER  v. TIME WARNER CABLE, INC., et al.
MINUTE ORDER of January 27, 2011

served Defendants Time Warner Cable, Inc. and Time Warner, Inc.[1] (collectively, "Time Warner") on March 27, 2009.  On April 23, 2009, Time Warner filed an answer.  (Not. of Removal, Ex. 1 at 32.)  On April 24, 2009, Time Warner removed the action to this Court on the basis of diversity jurisdiction.  (Not. of Removal at 3.)

On October 9, 2009, Plaintiff's counsel Wendell W. Faile filed a declaration stating that he does not practice law in federal court and requesting ninety days to locate substitute counsel.  (Doc. No. 8 (Wendell Decl.) ¶¶ 8-10.)  Plaintiff also attached as Exhibit A proofs of service filed in state court prior to removal as to Defendants Time Warner and Gina Gipson ("Gipson").  (Doc. No. 8, Ex. A.)

On December 4, 2009, the Court ordered Plaintiff to file proofs of service electronically or substitute counsel within 60 days.  (Doc. No. 9.)  On February 1, 2010, Plaintiff filed a request to substitute counsel (Doc. No. 10), which the Court granted on March 11, 2010 (Doc. No. 11).

Plaintiff has not filed proofs of service as to Defendants Time Warner NY Cable, Inc., Time Warner Entertainment Company, LP, Time Warner Entertainment-Advance Newhouse Partnership, or Antoinette Kelly.  Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 120 days of filing the complaint.  Plaintiff accordingly was required to serve these Defendants no later than July 9, 2009.  Where a "defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action . . . ."  Fed. R. Civ. P. 4(m).  The Court accordingly DISMISSES the Complaint as to Defendants Time Warner NY Cable, Inc., Time Warner Entertainment Company, LP, Time Warner Entertainment-Advance Newhouse Partnership, and Antoinette Kelly, without prejudice, for failure to prosecute.

As to Defendant Gipson, Plaintiff's proof of service indicated he served Gipson, an office manager for Defendant Time Warner, with the Complaint on March

---

[1] Plaintiff served only Time Warner Inc., but Time Warner, Inc. accepted service on behalf of Time Warner Cable, Inc.

MINUTES FORM 11                                         Initials of Deputy Clerk md
CIVIL -- GEN                      Page 2

EDCV 09-0812 VAP(RZx)
WARREN PENDER  v. TIME WARNER CABLE, INC., et al.
MINUTE ORDER of January 27, 2011

30, 2009.  Defendant Gipson has not responded.  The proof of service, however, appears deficient.

    Service of an individual within a judicial district of the United States is governed by Federal Rule of Civil Procedure 4(e), which states that process my be served by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; [or] . . . (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

    Gipson was not properly served under Rule 4(e)(2).  Here, Plaintiff did not personally serve Gipson under Rule 4(e)(2)(A) but instead served Betty Eyer ("Eyer"), a Receptionist at Time Warner's Palm Desert, California, office. (Doc. No.8, Ex. A at 2.)  It does not appear that Eyer was an "agent authorized by appointment or law" capable of accepting service on Gipson's behalf.  The "agent" referred to in Rule 4 "is not just an employee or business agent of some kind, rather, he or she must be an agent specifically designated to receive the service of process."  Moody v. Finander, No. 09-CV-0892-LAB (BGS), 2010 WL 5535703, at *2 (S.D. Cal. Dec. 1, 2010) (citing Gerritsen v. Escobar Y Cordova, 721 F. Supp. 253, 256 (C.D. Cal. 1988)).  Here, just because Eyer may be authorized to accept service on behalf of Time Warner, does not mean she is authorized to accept service on behalf of the individuals who work there.

    Service also was improper under Rule 4(e)(1).  In California, an individual may be served by delivering the summons and complaint to someone authorized to accept service on his or her behalf.  See Cal. Civ. P. Code § 416.90.  Similar to Rule 4, being a individual's agent for purposes other than to accept service is not enough to establish actual or implied authority to accept service of process "even if their relationship makes it highly probable that defendant will receive actual notice of the lawsuit."  Summers v. McClanahan,140 Cal. App.4th 403, 414 (2006).  Here, there is nothing to suggest that Eyer was designated by Gipson to receive service on her

**EDCV 09-0812 VAP(RZx)**
**WARREN PENDER  v. TIME WARNER CABLE, INC., et al.**
**MINUTE ORDER of January 27, 2011**

behalf.


        Accordingly, Plaintiff is ordered to show cause, in writing, by February 9, 2011, why his Complaint should not be dismissed for failure to prosecute, as to Defendant Gipson .

        **IT IS SO ORDERED.**